■ FLORENCE COOK et al., Appellants, v WALTER F. LANG, JR., et al., Respondents. — Appeal by plaintiffs from an order of the Supreme Court, Nassau County (Wager, J.), dated December 13, 1979, which granted the motion of defendants Lang, Wetherell and Kramer to transfer the action from the Supreme Court, Nassau County, to the Surrogate's Court, Suffolk County. Order reversed, on the law, without costs or disbursements, and motion to transfer the action is denied. It was manifest from the papers before Special Term that the present Surrogate of Suffolk County, a former Surrogate of Suffolk County, and several present and former employees of that court would likely be called as witnesses in the trial of the action. Further, executor Walter F. Lang, Jr., sued individually and as a partner of the law firm which originally represented the estate, is a law secretary to a sitting Justice of the Supreme Court, Suffolk County. Under all of the circumstances of this case, and in view of the bitter controversies underlying this litigation, this matter should remain in the Supreme Court, Nassau County, so that not only impartiality, but the appearance of impartiality, might be maintained. (See *Corradino v Corradino*, 48 NY2d 894.) Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.

■ DANIEL COOPER, Appellant, v MYRNA COOPER, Respondent. — In a matrimonial action, the plaintiff husband appeals from (1) an order of the Supreme Court, Westchester County (Stolarik, J.), dated May 6, 1980, which granted defendant's motion to direct plaintiff to pay one half of the mortgage and tax arrears due on the marital premises and directed him to thereafter pay one half of the mortgage, taxes and insurance payments as they continued to become due and (2) a judgment of the same court (Burchell, J.), dated October 14, 1980, which, after a nonjury trial, *inter alia,* (1) denied plaintiff a divorce based on the ground of cruel and inhuman treatment, (2) awarded defendant a money judgment in the principal amount of $19,649.92, representing one half of joint funds appropriated by plaintiff, and (3) awarded defendant's attorney a counsel fee of $7,500. Order affirmed. No opinion. Judgment modified, on the facts, by reducing (1) the amount of defendant's money judgment from $19,649.92 to $15,306.33, and (2) the award of counsel fees from $7,500 to $2,500. As so modified, judgment affirmed. Defendant is awarded one bill of costs. At the conclusion of the trial, the court required that a transcript of the trial minutes be prepared to assist in its determination, and the court directed that the cost of this preparation be shared by both parties. It was conceded by defense counsel at oral argument on appeal that defendant although responsible for one half the cost of the transcript, had not yet assumed this cost at the time of the judgment. Accordingly, defendant's award is reduced by $1,162.50, or one half of the transcript cost. Furthermore, we note that on the record before us, it appears that the court failed to take into account the defendant's dissipation of funds of the one joint bank account in her exclusive possession and control. Therefore, defendant's money judgment should be further reduced by $3,181.09, or one half of the amount that she dissipated from the parties' joint account in the Scarsdale National Bank. Finally, we find that the award of counsel fees was excessive to the extent indicated herein. Hopkins, J. P., Titone, Gibbons and Cohalan, JJ., concur.